UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON MURILLO,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN FOSS,<br><br>    Respondent. | Case No. EDCV 19-1355 JGB(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION |

## I. SUMMARY

On July 24, 2019, petitioner Ramon Murillo (also known as Mona Murillo), a prisoner in state custody who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") and a separate memorandum of points an authorities ("Memo"). Petitioner challenges the restitution ordered in San Bernardino County Superior Court Case No. FSB19885 ("State Case"). (Petition at 2, 5; Memo at 3-6). The Petition, construed liberally, appears to claim that petitioner should not be liable for the restitution imposed because: (1) at least part of the restitution imposed relates to a "stayed" sentence; and (2) the California Department of Corrections and Rehabilitation ("CDCR") has already taken from petitioner more than the restitution amount petitioner allegedly owes. (Petition at 5; Memo at 4-6). Petitioner claims that the payment of such restitution violates his

state and federal constitutional rights and seeks an order requiring the CDCR to return to petitioner the portion of restitution paid that petitioner claims petitioner does not owe. (Memo at 6).

It plainly appears from the face of the Petition (which incorporates the Memo by reference), that petitioner is not entitled to relief at this time because restitution-related challenges are not cognizable on federal habeas review and this Court lacks federal habeas jurisdiction to consider them. Accordingly, the Petition and this action are hereby dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. DISCUSSION

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This language requires a nexus between a petitioner's claim and the unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010) (citation omitted). Such a nexus is not met by a challenge to a restitution order. Id. at 980-81 (claim that petitioner ordered to pay restitution in violation of Constitution does not constitute claim that petitioner is in custody in violation of Constitution). "[Section] 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to a restitution order imposed as part of a criminal sentence." Bailey, 599 F.3d at 982.

Moreover, "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement." Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (citing Preiser v. Rodriguez, 411 U.S. 475, 484-86 (1973)). Petitioner's restitution-related claims do not

challenge the legality or duration of petitioner's confinement. Such challenges, even if successful, would not affect the fact or duration of petitioner's custody. Accordingly, these claims are not cognizable on federal habeas review. See, e.g., Ramirez v. Frauenheim, 2016 WL 8919461, at *12 (C.D. Cal. Dec. 28, 2016) (claim challenging imposition of restitution does not attack legally or duration of confinement and is not cognizable on federal habeas review), report and recommendation adopted, 2017 WL 1902144 (C.D. Cal. May 8, 2017), cert. of appealability denied, 2018 WL 2771399 (9th Cir. Jan. 12, 2018); Noriega v. Madden, 2016 WL 8259521, at *21 (C.D. Cal. Dec. 28, 2016) (same), report and recommendation adopted, 2017 WL 652446 (C.D. Cal. Feb. 15, 2017); Flores v. Hickman, 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008) (same).

As petitioner's restitution-related challenges are not cognizable on federal habeas review and the Court does not have federal habeas jurisdiction to grant relief on petitioner's claims, the Petition must be dismissed.[1]

---

[1]The Court takes judicial notice from its docket and court records that petitioner appears to have filed four prior federal habeas petitions challenging petitioner's conviction and/or sentence in the State Case. See Dockets in Murillo v. Carey, C.D. Cal. Case No. 01-914 GAF(VBK) (dismissed on the merits with prejudice), Murillo v. Garcia, C.D. Cal. Case No. 08-476 GAF(VBK) (dismissed as second/successive), Murillo v. Hernandez, C.D. Cal. Case No. 08-809 GAF(VBK) (dismissed as second/successive), and Murillo v. Neotti, C.D. Cal. Case No. 10-851 GAF(VBK) (dismissed as second/successive); see also Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

As petitioner was advised in the prior federal habeas actions, before a habeas petitioner may file a second or successive petition in a district court, such petitioner must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157

(continued...)

**III. ORDER**

IT IS THEREFORE ORDERED that the Petition and this action are dismissed without prejudice for lack of jurisdiction and that Judgment be entered accordingly.

IT IS SO ORDERED.

DATED: __August 12, 2019__

_____
HONORABLE JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented on this 7th day of August, 2019, by:[2]

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[1](...continued)
F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003). To the extent the Petition challenges the judgment in the State Case, the Petition – like petitioner's three prior federal petitions – is successive. It appears from a search of the Ninth Circuit's docket, of which this Court also takes judicial notice, that petitioner has not obtained authorization to file the current Petition. See Dockets in Murillo v. Gipson, 9th Cir. Case No. 12-73048 and Murillo v. Sherman, 9th Cir. Case No. 14-71108 (denying applications for authorization to file second or successive habeas petition). Since petitioner filed the Petition without authorization from the Ninth Circuit, the Court also lacks jurisdiction to consider it to the extent it challenges the judgment in the State Case.

[2]Pursuant to Local Rule 72-3.2, the Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge.